NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3681
_____

UNITED STATES OF AMERICA

v.

CASSIUS ALLEN HOLLINS,
a/k/a Casius Hollins, Cassius Hollins, "Cash"

Cassius Allen Hollins,

        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-09-00393-001)
Honorable Yvette Kane, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
March 25, 2011

BEFORE:  FUENTES, SMITH, and GREENBERG, Circuit Judges

(Filed: March 31, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

        This matter comes on before this Court on Cassius Allen Hollins' appeal from a

judgment of conviction and sentence entered on August 26, 2010, in the District Court

following his plea of guilty to an information charging that on or about October 20, 2009, to October 21, 2009, Hollins distributed, dispensed, and possessed a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  The prosecutor filed the information pursuant to a plea agreement providing for the dismissal of a two-count indictment that previously had charged Hollins with distribution and possession with intent to distribute 5 grams or more of cocaine base on October 20, 2009, and October 21, 2009, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  The District Court imposed a 70-month custodial sentence on the conviction on the information to be followed by a three-year term of supervised release.  It also imposed a $100 special assessment and a $1000 fine.

Continuing an appointment that the District Court had made, we appointed L. Rex Bickley to represent Hollins on this appeal.  Bickley has filed a motion pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), to withdraw as Hollins' counsel based on his determination "that an appeal of sentence in this matter would be frivolous and meritless."  He served a copy of the motion on Hollins following which our clerk sent Hollins a letter indicating that he could file a brief within 30 days explaining why his conviction and/or sentence should be overturned.  Hollins, however, has not filed a pro se brief.

Bickley has filed a brief pursuant to Anders raising one issue which he indicates is not meritorious.  The issue, which Bickley acknowledges he did not raise in the District Court, is that Hollins' criminal history category was calculated incorrectly because he was given three criminal history points for each of two state court convictions even

2

though he was sentenced for the two offenses on the same day, December 12, 2005. The argument goes that inasmuch as the sentences were imposed on the same day they should have been calculated as a single sentence for criminal history purposes, a treatment which would have reduced his criminal history category from V to IV and yielded a lower sentencing range.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Inasmuch as the only issue Hollins raises on this appeal is a legal issue involving the interpretation of the sentencing guidelines we are exercising plenary review. See United States v. Givan, 320 F.3d 452, 463 (3d Cir. 2003).

The material facts are not in dispute. As the presentence report sets forth, on November 16, 2004, Hollins was arrested on a charge of receiving stolen property, and on March 3, 2005, he was arrested for delivery of cocaine. Inasmuch as he was sentenced on both charges on the same day, December 12, 2005, the sentences might have been treated as a single sentence for criminal history purposes pursuant to U.S.S.G. § 4A1.2(a)(2). But that guidelines section precluded that treatment as it provides that if "the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence" but "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." The situation precluding treatment of the two sentences as a single sentence described in section 4A1.2(a)(2) is the precise situation here.

3

We are satisfied that Bickley properly fulfilled his duties and, based on our review of the record, that there are no non-frivolous issues that can be raised on Hollins' behalf. Moreover, the issue that Bickley has raised on behalf of Hollins is plainly not meritorious. For the foregoing reasons Bickley's motion to be relieved as counsel for Hollins is granted and the judgment of conviction and sentence entered August 26, 2010, will be affirmed.

4